```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

ELIZABETH DAVIS, et al.,       §
                               §
                  Plaintiffs,  §
                               § Civil Action No. 3:07-CV-0318-D
VS.                            §
                               §
DALLAS COUNTY, TEXAS, et al.,  §
                               §
                  Defendants.  §
```

MEMORANDUM OPINION
AND ORDER

Defendant InfoIntegration, Inc.'s ("InfoIntegration's") June 25, 2007 motion for leave to designate responsible third parties is granted.

I

In this removed action, three plaintiffs who were incarcerated in the Dallas County Jail sue Dallas County, Texas ("Dallas County") and InfoIntegration, alleging they are liable on various grounds for conduct that resulted in plaintiffs' being detained in the Dallas County Jail after they were lawfully entitled to be released. According to plaintiffs' first amended complaint, InfoIntegration developed the computer system[1] that Dallas County used to track detainee information, including release dates.

Plaintiffs filed this lawsuit in state court, and Dallas County removed the case based on this court's federal question

---

[1] InfoIntegration refers in its present motion to its computer software rather than to the entire computer system.

jurisdiction, contending in its notice of removal that plaintiffs appeared to allege claims under 42 U.S.C. § 1983. In their first amended complaint, plaintiffs acknowledge that the court has federal question jurisdiction. First Am. Compl. ¶ 5.

On June 25, 2007 InfoIntegration filed under Tex. Civ. Prac. & Rem. Code § 33.004 (Vernon Supp. 2006) the instant motion for leave to designate as responsible third parties "Atos Origin" and Dallas County. On July 11, 2007, after obtaining leave of court, plaintiffs filed a first amended complaint that added Atos Origin, Inc. and Atos Origin IT Services, Inc. as defendants. Plaintiffs cited § 33.004(e) as the procedural basis for suing the Atos Origin defendants. First Am. Compl. ¶ 4. No party has filed a timely opposition to InfoIntegration's motion for leave to designate as responsible third parties.[2]

II

InfoIntegration has demonstrated under § 33.004 that it is entitled to the relief it seeks. No opposition response has been filed, and no showing has been made that InfoIntegration is not entitled under Texas law to designate Atos Origin and Dallas County as responsible third parties.

In granting InfoIntegration's motion, however, the court notes that while it has applied § 33.004 in diversity cases, it has not

---

[2]Under N.D. Tex. Civ. R. 7.1(e), opposition responses were due July 16, 2007.

yet done so in a case in which its subject matter jurisdiction is based on a federal question. In several diversity cases, including *Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426 (N.D. Tex. Dec. 6, 2006) (Fitzwater, J.), the court has articulated a somewhat tentative approach to the application of the Texas practice prescribed under § 33.004:

> This court has applied § 33.004 in diversity cases, *see, e.g., Womack v. Home Depot USA, Inc.*, 2006 U.S. Dist. LEXIS 39449, at *2 (N.D.Tex. Apr. 14, 2006) (Fitzwater, J.) (order), and it has said that "it will continue to do so until persuaded that the statute does not apply," *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D.Tex. May 8, 2006) (Fitzwater, J.). Today's case does not require that the court engage in an extensive analysis of whether § 33.004 should be given full effect, and the court will apply it. In doing so, the court, as before, suggests no view on such matters as whether the statute's references to "the pleading requirement of the Texas Rules of Civil Procedure," see § 33.004(g)(1) (singular), and to "the pleading requirements of the Texas Rules of Civil Procedure," id. § 33.004(g)(2) (plural), apply in a diversity case. *See Alvarez*, 2006 WL 1522999, at *2 n .6. Nor does the court "suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines." *Womack*, 2006 U.S. Dist. LEXIS 39449, at *2-*3.

*Id.* at *1. Today, in granting InfoIntegration's motion, the court applies the pertinent components of these observations to a federal question case, where they arguably apply with even greater force (i.e., the court is not *Erie*-bound to apply state substantive law).

Consequently, in federal question cases, like diversity cases, the court will continue to apply § 33.004 "until persuaded that the statute does not apply." *Alvarez*, 2006 WL 1522999, at *2.

\* \* \*

InfoIntegration's June 25, 2007 motion for leave to designate responsible third parties is granted, and the court grants InfoIntegration leave to designate Atos Origin and Dallas County as responsible third parties.

**SO ORDERED.**

August 10, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE