IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELIZABETH DAVIS, et al.,          §
                                  §
                    Plaintiffs,   §
                                  §  Civil Action No. 3:07-CV-0318-D
VS.                               §
                                  §
DALLAS COUNTY, TEXAS, et al.,     §
                                  §
                    Defendants.   §

MEMORANDUM OPINION
AND ORDER

Plaintiffs move for leave to amend their complaint.  Defendant
Atos Origin, Inc. ("Atos Origin") moves to dismiss the claims
against it under Fed. R. Civ. P. 12(b)(6), and it moves for a
protective order staying discovery until the court rules on its
motion to dismiss.  Concluding that plaintiffs have demonstrated
good cause to amend, and that the amended complaint is sufficient
to withstand Atos Origin's motion to dismiss, the court grants
plaintiffs' motion for leave to amend, denies Atos Origin's motion
to dismiss, and denies as moot Atos Origin's motion for protective
order staying discovery.

I

In 2005 defendant Dallas County, with the assistance of
defendant InfoIntegration, Inc. ("InfoIntegration"), installed a
new computer system—known as the Adult Information System
("AIS")—for the Dallas County Jail ("Dallas Jail").[1]  At Dallas

---

[1]For the purposes of deciding defendant's motion to dismiss,
"[t]he 'court accepts all well-pleaded facts as true, viewing them

County's request, InfoIntegration designed AIS, which was intended to keep track of inmate information, including release dates, and to communicate this information among the various Dallas County agencies responsible for arrests, detentions, and releases: the Sheriff's Office, the jail system, the District Attorney's Office, and the District and County Clerk's Offices. Defects in AIS prevented Dallas County officials from receiving relevant inmate information, causing plaintiffs Elizabeth Davis ("Davis"), Billie Sue Byrd ("Byrd"), and Ronald Weathers ("Weathers") to be detained at the Dallas Jail beyond their correct release dates.

Plaintiffs sued Dallas County and InfoIntegration in state court, alleging that both were liable for common law negligence and that Dallas County was liable for civil rights violations. Defendants removed the case to this court. The court later granted InfoIntegration's motion to designate Atos Origin——the technology support contractor that Dallas County hired to integrate AIS into the existing Dallas County network——as a responsible third party under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon 1997). The court also granted plaintiffs' motion for leave to file an amended complaint to join Atos Origin as a defendant. Plaintiffs then filed their first amended complaint. In the first amended

---

in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

complaint, plaintiffs allege that Atos Origin negligently integrated, programmed, and installed AIS, causing breakdowns in the communication of inmate information at the Dallas Jail that ultimately led to plaintiffs' wrongful incarceration.

Atos Origin now moves to dismiss plaintiffs' negligence claim against it under Rule 12(b)(6). Atos Origin argues that plaintiffs' first amended complaint fails to state a negligence cause of action on which relief can be granted because it does not adequately plead that Atos Origin owed plaintiffs a duty of care or that Atos Origin's negligence was the proximate cause of plaintiffs' injuries. Atos Origin also moves for dismissal of this claim on the ground that it is barred by limitations. Plaintiffs have responded to the motion and have also moved for leave to file a second amended complaint. In Atos Origin's reply brief, it directs arguments to both plaintiffs' first amended complaint and their proposed second amended complaint.

II

The court first considers whether plaintiffs are entitled to file a second amended complaint because, if they are, the court need not address Atos Origin's challenges to the sufficiency of the first amended complaint.

A

The court entered a scheduling order that set July 2, 2007 as the deadline for a party to file a motion for leave to amend the

pleadings.  Thus plaintiffs' motion to amend their complaint——which was filed after the July 2, 2007 deadline——implicitly requests that the court amend this scheduling order.

When the deadline to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard.  *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires."  Rule 15(a)(2); *S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted).

Plaintiffs' motion for leave to amend does not address the Rule 16(b)(4) standard or the four good cause factors. Instead, plaintiffs construed defendant's arguments that the first amended complaint inadequately alleges the elements of duty and proximate cause as a Rule 12(e) motion for a more definite statement. Atos Origin points out that plaintiffs have already amended their complaint once, and they have not even offered an explanation for their failure to timely move for leave to amend. Atos Origin's principal argument in opposition to granting leave to amend is that the amendment would be futile, because the defects in the first amended complaint——inadequately pleading the elements of duty and proximate cause and being barred by the statute of limitations——are also present in the second amended complaint. Finally, Atos Origin contends that granting plaintiffs leave to amend will prejudice them because a second amended complaint would force them to incur the additional expense of drafting another motion to dismiss.

Notwithstanding plaintiffs' failure to explain their reasons for not timely filing their motion for leave to amend, the court concludes that there is good cause to allow them to amend after the deadline established in the scheduling order. Although plaintiffs have already amended their complaint once, they first asserted their negligence claim against Atos Origin in the first amended complaint. Thus the second amended complaint represents only the

first time that plaintiffs have amended their claims against Atos Origin.

The supplemental allegations in the proposed second amended complaint do not refer to any facts that were unavailable to plaintiffs before the deadline for amending the pleadings. But plaintiffs joined Atos Origin as a defendant in response to InfoIntegration's motion to designate Atos Origin as a responsible third party, only a week before the July 2, 2007 scheduling order deadline for filing motions for leave to amend.

Atos Origin will not be prejudiced by granting plaintiffs' motion for leave to amend because, if the motion is granted, the court will analyze the sufficiency of the second amended complaint in light of Atos Origin's arguments raised in its pending Rule 12(b)(6) motion. Although Atos Origin's motion to dismiss predates plaintiffs' motion for leave to amend, "the court may nevertheless treat defendant's motion as directed to the [second] amended complaint because the defects in [plaintiffs' amended] complaint reappear in the [second] amended complaint." *Holmes v. Nat'l Football League*, 939 F. Supp. 517, 523 n.7 (N.D. Tex. 1996) (Fitzwater, J.); *see also Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Charles A. Wright, et al., *Federal Practice*

*and Procedure* § 1476 at 556-58 (2d ed. 1990)). Atos Origin argues that the second amended complaint contains the very same defects as are present in the first amended complaint. Atos Origin therefore contends that granting plaintiffs leave to file the second amended complaint would be futile. Moreover, in highlighting the inadequacy of plaintiffs' pleadings, Atos Origin repeatedly refers to the second amended complaint in its reply brief in support of its motion to dismiss. Thus if the court grants plaintiffs leave to file a second amended complaint, it will apply Atos Origin's Rule 12(b)(6) arguments to plaintiffs' second amended complaint. Therefore, granting plaintiffs' motion for leave to amend will not prejudice Atos Origin because Atos Origin will not be required to incur the additional expense of drafting another motion to dismiss.

Plaintiffs' amendment to their pleadings is important to their case. If plaintiffs' alleged pleading defects are not cured, their claims against Atos Origin will be dismissed. Although Atos Origin attacks the importance of the amendment on the basis that plaintiffs' amendment will be futile, for the reasons stated *infra* at § III-IV, the court disagrees.

Considering the factors *in toto*, the court concludes that there is good cause to permit plaintiffs to amend their complaint after the deadline established by the scheduling order. The court also discerns no compelling reason to deny granting leave under the more liberal Rule 15(a)(2) standard. Accordingly, the court grants

plaintiffs' motion for leave to file a second amended complaint.[2]

III

The court now considers Atos Origin's Rule 12(b)(6) motion and determines whether plaintiffs' second amended complaint states a claim upon which relief can be granted.

A

In deciding this motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Id.* (quoting *Bell Atl.*, 127 S. Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"

---

[2]Because plaintiffs have already filed the second amended complaint, the court deems this to be plaintiffs' live pleading.

*Bell Atl.*, 127 S. Ct. at 1964-65 (citations, quotation marks, and brackets omitted).

## B

Atos Origin's first category of Rule 12(b)(6) arguments relates to whether plaintiffs have adequately pleaded the elements of a negligence claim.

To prevail on a negligence cause of action under Texas law, plaintiffs "must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Atos Origin contends that plaintiffs' complaint does not plead facts that support the premise that Atos Origin owed a duty of care to plaintiffs or that Atos Origin's negligence was the proximate cause of plaintiffs' injuries.

## C

"The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). "The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.*

> The question of legal duty is a multifaceted
> issue requiring [the court] to balance a
> number of factors such as the risk and
> foreseeability of injury, the social utility
> of the actor's conduct, the consequences of
> imposing the burden on the actor, and any
> other relevant competing individual and social
> interests implicated by the facts of the case.

*Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 33 (Tex. 2002).

"Although the formulation and emphasis varies with the facts of each case, three categories of factors have emerged: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations." *Id.* at 34. "Of all these factors, foreseeability of the risk is the foremost and dominant consideration." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (internal quotation marks omitted). Yet "foreseeability alone is not a sufficient basis for creating a new duty." *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994).

1

Plaintiffs' second amended complaint alleges that Dallas County hired Atos Origin as a technology support contractor to install and program AIS and to integrate it into the Dallas Jail's preexisting information network. Atos Origin maintains that plaintiffs cannot cite any legal authority that a technology support contractor performing these tasks owes a duty of care to third parties to ensure that they are not incarcerated beyond their proper term. Atos Origin contends that, because Dallas County was

in control of the Dallas Jail, Dallas County alone had the duty of ensuring the proper release of inmates at the Dallas Jail. Essentially, Atos Origin maintains that the attenuated relationship between it and plaintiffs cannot give rise to a duty of care under Texas law.

Although the court is unaware of a Texas court that has specifically recognized the legal duty that plaintiffs seek to impose on Atos Origin, general statements of Texas courts support imposing such a duty. "One who undertakes to perform a contract assumes a duty to all persons to take responsible care not to injure them or their property in the performance of that contract, and one who is not privy to the contract may assert a claim for negligence for breach of that duty." *Goose Creek Consol. Indep. Sch. Dist. of Chambers & Harris Counties v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 494 (Tex. App. 2002, pet. denied); *see also In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005) (holding that contractor performing house repairs had an independent duty of care to third party injured by conditions created by the repairs); *Hideca Petroleum Corp. v. Tampimex Oil Int'l, Ltd.*, 740 S.W.2d 838, 847 (Tex. App. 1987, no writ) ("We conclude that a party to a contract to perform services generally owes a common law duty to perform with ordinary care and skill, and negligent omission or commission relating to the performance of the contract is a tort as well as a breach of contract." (rejecting appellants argument that,

because it was not in contractual privity with third-party plaintiff, it did not owe plaintiff a duty of care in performing the contract)). Thus at least in general terms, Texas law supports imposing a duty of care on Atos Origin in discharging its contractual duties to prevent injury to third parties, such as plaintiffs, despite the attenuated relationship between them.

2

Atos Origin next argues that plaintiffs have failed to plead facts that establish that it owed plaintiffs a duty of care. It maintains that it had no control over the process of releasing prisoners at the Dallas Jail, which was solely the responsibility of Dallas County, and "[t]he right of control is an important factor in determining the existence of a legal duty, and it is often the deciding factor." *Loyd v. ECO Res., Inc.*, 956 S.W.2d 110, 130 (Tex. App. 1997, no pet.) (citing *Butcher v. Scott*, 906 S.W.2d 14, 15 (Tex. 1995)). Atos Origin relies heavily on *Loyd* to support its contention that its lack of control over the release of Dallas Jail inmates precludes imposing on it a duty to prevent inmates such as plaintiffs from being detained beyond their proper release dates.

Atos Origin's reliance upon *Loyd* is misplaced. In *Loyd* a number of homeowners sued the Harris County Municipal Utility District ("MUD") and ECO Resources for negligently selling them corrosive water, which caused their water pipes to corrode. *Id.* at

119-20. MUD, a municipal utility district created for the purpose of operating and maintaining water and sewer works, contracted with ECO Resources "to operate and maintain its water and sewer works and to deliver the water to homeowners." *Id.* at 120. The plaintiffs' negligence claim against ECO Resources was premised on ECO Resources' failure to add chemicals that would alleviate the corrosive character of the water before delivering the water to homeowners. *Id.* The court affirmed a summary judgment that ECO Resources owed no duty of care to the plaintiffs because ECO Resources did "not have authority to decide how to treat the water." *Id.* at 130. "The decision on whether to add chemicals was solely for the MUD's board, and after public meetings, the board adopted a policy not to add more chemicals." *Id.* Thus the court held as a matter of law that ECO Resources owed no duty of care to the plaintiffs, because it lacked control over the decision to add chemicals. *Id.* at 131.

Plaintiffs' second amended complaint alleges that "Atos Origin was the technological support contractor hired by Dallas County to integrate the AIS into the Dallas County network and interface it with the existing data on prisoners, jail information, and court information." 2d Am. Compl. ¶ 8. The complaint later avers:

> Atos Origin was negligent in the programming and integration of the AIS with the Dallas County data it was supposed to coordinate and provide communication corridors [ ] regarding inmate status and detention . . . . By failing to properly install software for the

- 13 -

> AIS and program it so that grand jury and
> court actions affecting the continued
> incarceration of the Plaintiffs and others
> similarly situated could be promptly and
> accurately [] provided to the jail, Atos
> Origin created a complete failure of a system.

*Id.* at ¶ 16.  Plaintiffs allege that Atos Origin was negligent in the very act of installing, programming, and integrating AIS for the Dallas Jail.  There is nothing in the complaint that indicates that Atos Origin did not have control over the process of installing, programming, and integrating AIS.  Although the complaint indicates that Atos Origin did not have control over the decision to release prisoners (which was solely Dallas County's responsibility), plaintiffs do not allege that Atos Origin was negligent in failing to release them.  Rather, plaintiffs assert that their injuries were proximately caused by Atos Origin's negligence in the process of installing, programming, and integrating AIS.  The facts alleged in the complaint plausibly allege that Atos Origin had control over these processes.  By contrast, ECO Resources did not owe a duty to the plaintiffs in *Loyd* because ECO Resources did not have control over the decision to add chemicals to the water, and the plaintiffs' negligence theory was predicated on ECO Resources' failure to add chemicals to the water.

Atos Origin also relies on *Butcher v. Scott*, 906 S.W.2d 14 (Tex. 1995), and *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195 (Tex. 1995), to support its argument that the lack of authority to

detain and release inmates at the Dallas Jail prevents it from owing a duty to plaintiffs. But the issue of control in *Butcher* and *Centeq Realty* affected whether to apply an exception to the rule that a premises owner is not liable to third persons for criminal acts of another. *See Butcher*, 906 S.W.2d at 15; *Centeq Realty*, 899 S.W.2d at 197. The instant case neither involves premises liability nor criminal acts of another. *Butcher* and *Centeq Realty* are thus inapposite.

Atos Origin cites *Graff v. Beard*, 858 S.W.2d 918 (Tex. 1993), for the proposition that "in the absence of a relationship between the parties giving rise to the right of control, one person is under no duty to control the conduct of another, even if there exists the practical ability to do so." *Id.* at 920. Atos Origin's argument, however, misinterprets plaintiffs' theory of liability. Plaintiffs' claim against Atos Origin is not premised on Atos Origin's failure to control Dallas County in the decision to properly release prisoners, but on Atos Origin's negligence in installing, programming, and integrating AIS. And plaintiffs' second amended complaint adequately alleges that Atos Origin had control over these processes. Therefore, plaintiffs' complaint does not fail to plead that Atos Origin owed a duty of care to plaintiffs on the basis that it did not have authority or control to detain and release prisoners at the Dallas Jail.

Atos Origin also challenges imposition of a duty owed to plaintiffs on the basis of foreseeability, the dominant factor in the duty balance test. In duty analysis, "[f]oreseeability means that an actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others." *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 460 (Tex. App. 2007, pet. filed) (citing *Isbell v. Ryan*, 983 S.W.2d 235, 339 (Tex. App. 1998, no pet.)). "Foreseeability is not measured by hindsight, but instead by what the actor knew or should have known at the time of the alleged negligence." *Id.* (citing *Timberwalk Apts. v. Cain*, 972 S.W.2d 749, 757 (Tex. 1998)). "[F]oreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable." *Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999) (internal quotation marks omitted).

Atos Origin maintains that Dallas County's failure to release detained individuals in accordance with the law was not foreseeable, because Atos Origin had neither the authority nor the ability to control Dallas County in this decision. The court disagrees.

Although Atos Origin was not responsible for the detention and release of inmates at the Dallas Jail, the harm to plaintiffs—incarceration beyond their proper term—was a foreseeable consequence of negligently installing, programming, and integrating

AIS.  A technology contractor, such as Atos Origin, who is hired by a county to install a prison information system should foresee that negligence in the performance of these tasks would lead to prisoners being detained beyond their proper term.  If Atos Origin had an understanding of AIS, as it must have, it would have known that Dallas County would rely on AIS to transmit accurate prisoner information among the relevant Dallas County officials to ensure that Dallas Jail inmates were released in accordance with the law. Thus Atos Origin should have known that its negligence in installing, programming, and integrating AIS would prevent the accurate transmission of prisoner information and thus would lead Dallas County officials to detain some inmates beyond their proper term.  Atos Origin did not need to foresee the particular ways in which a wrongful detention might happen, but only needed to be aware of the general character of the harm.  The court thus concludes that plaintiffs' general injury (wrongful detention) was a foreseeable consequence of Atos Origin's alleged negligence in installing, programming, and integrating AIS.

Based on this conclusion, the court also holds that, under the duty test articulated by Texas courts, plaintiffs have adequately pleaded that Atos Origin owed a duty of care to them.  Although foreseeability is not alone a sufficient basis to impose a duty, it is the dominant factor.  Moreover, Texas courts generally impose a duty of care on contractors to prevent injury to third parties that

result from the performance of their contractual duties. Atos Origin has not cited, and the court has not found, any authority that suggests that this general principle does not apply to injuries sustained by prisoners caused by the negligence of a private company that is providing services to a government entity or public official. Nor has Atos Origin cited authority that suggests that only governmental officials can be liable for the specific injury of which the plaintiffs complain: being detained beyond the correct term. Although there are other, countervailing factors in the duty analysis, such as the consequences of placing the burden of a duty of care on the defendant, and other public policy concerns, in the absence of contrary Texas law, the court is not persuaded that Texas would view these factors as counseling against imposing a duty of care on Atos Origin. Therefore, the court holds that plaintiffs' second amended complaint sufficiently pleads the duty element of their negligence claim against Atos Origin.

D

Atos Origin next challenges the sufficiency of plaintiffs' complaint on the basis that the facts alleged fail to establish that Atos Origin's negligence was a proximate cause of plaintiffs' injuries. First, Atos Origin posits that plaintiffs' allegations that the defects in AIS were immediately apparent to Dallas County, and that Dallas County negligently continued to rely on AIS, render

Dallas County's negligence the sole proximate cause of plaintiffs' injuries.[3] Atos Origin also contends that plaintiffs' allegation that Dallas County continued to rely on AIS despite its awareness of AIS's problems establishes that Dallas County's negligence is a superceding cause.

1

"More than one action may be the proximate cause of the same injury." *Wilson v. Brister*, 982 S.W.2d 42, 44 (Tex. App. 1998, pet. denied). "To proximately cause an injury, an actor need not be the last cause, or act immediately preceding the injury." *J. Wigglesworth Co. v. Peeples*, 985 S.W.2d 659, 663 (Tex. App. 1999, pet. denied). "Sole proximate cause is an inferential rebuttal issue available when the evidence shows that a third person's conduct, not the conduct of any of the parties to the lawsuit, is the only proximate cause of damage." *Lawrence v. City of Wichita Falls*, 122 S.W.3d 322, 329 (Tex. App. 2003, pet. denied) (internal quotation marks omitted); *see also Fitzsimmons v. Brake Check, Inc.*, 832 S.W.2d 446, 448 (Tex. App. 1992, no writ) (stating that "sole proximate cause" may "be raised as a defense and submitted as an instruction in the charge when supported by the pleadings and evidence.").

---

[3]Atos Origin also argues that the negligence of either or both InfoIntegration in designing AIS and Dallas County in continuing to use AIS in the face of apparent defects was the proximate cause of plaintiffs' injuries.

In Texas, "the two elements of proximate cause are cause in fact and foreseeability." *Clark v. Waggoner*, 452 S.W.2d 437, 439 (Tex. 1970). Plaintiffs' second amended complaint alleges that Atos Origin's negligence "did lead to the continued incarceration of inmates, including the Plaintiffs, who should have been released from custody but were not." 2d Am. Compl. ¶ 16. And later, "[a]s a direct and proximate result of such negligent acts and omissions of Atos Origin, either by it singularly or in concert with its Co-Defendants herein, the Plaintiffs suffered needless and prolonged incarceration[.]" *Id.* Atos Origin does not dispute that plaintiffs have adequately pleaded cause in fact. For the reasons stated *supra* at § III(C)(3), plaintiffs have also adequately pleaded that their injuries were a foreseeable result of Atos Origin's negligence. Thus the second amended complaint sufficiently pleads both elements of proximate cause. Because plaintiffs have adequately pleaded that Atos Origin's negligence proximately caused their injuries, and it does not appear from the face of the second amended complaint that any other cause of plaintiffs' injuries was, as a matter of law, the sole proximate cause, Atos Origin's sole proximate cause defense does not, at the pleading stage, defeat plaintiffs' negligence claims against it.

2

The only issue that remains is whether the second amended complaint's allegation of Dallas County's subsequent negligence

establishes Dallas County's conduct as a superceding cause relieving Atos Origin of liability.

"[A] superceding cause . . . is an act or omission of a separate and independent agency that destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes the immediate cause of such injury." *Benitz v. The Gould Group*, 27 S.W.3d 109, 116 (Tex. App. 2000, no pet.). "A superceding cause is the only means by which the first negligent defendant can break the chain of causation and be relieved of liability." *Hall v. Huff*, 957 S.W.2d 90, 97 (Tex. App. 1997, pet. denied) (footnote omitted).

The "foreseeable negligence of another does not break the chain of causation," *Durham Transp., Inc. v. Valero*, 897 S.W.2d 404, 411 (Tex. App. 1995, writ denied), but "the mere fact that a subsequent cause of an injury is unforeseen does not necessarily mean that it constitutes a superceding cause." *Benitz*, 27 S.W.3d at 116. "When a new cause cooperates with the defendant's original negligent act in causing the injury, the original defendant remains a proximate cause of the injury, regardless of whether the new concurring act was foreseeable." *J. Wigglesworth*, 985 S.W.2d at 663. "Thus, it is no defense that a third person's negligent act intervened to cause the injury to the plaintiff, if the new act cooperates with the still-persisting original negligence of the defendant to bring about the injury." *Id.*

> Negligence of one does not excuse the
> negligence of another. Where both the actor's
> negligent conduct and that of a third person
> bring about the injury, the rule of concurrent
> causation applies. All persons who contribute
> to the injury are liable. The intervening
> cause of the plaintiff's injuries, even if
> unforeseeable, may be a concurring cause if
> the chain of causation flowing from the
> defendant's original negligence is continuous
> and unbroken.

*Wilson*, 982 S.W.2d at 44 (citations omitted); *see also Biaggi v. Patrizio Rest. Inc.*, 149 S.W.3d 300, 309 (Tex. App. 2004, pet. denied) ("An intervening cause of plaintiff's injury, even if unforeseeable, may be a concurring cause if the chain of causation flowing from the defendant's original negligence is continuous and unbroken."); *Sieber & Calicutt, Inc. v. La Gloria Oil & Gas Co.*, 66 S.W.3d 340, 350 (Tex. App. 2001, pet. denied) ("It is no defense that a third person's negligent act intervened to cause the injury to the plaintiff, if the new act cooperates with the still persisting original negligence of the defendant to bring about the injury."); *Hall*, 957 S.W.2d at 97-98 ("[A]s a general rule of concurrent causation, all actors whose negligent actions or inactions contribute to the injury, proximately causing the injury, are liable."); *Rodriguez v. Moerbe*, 963 S.W.2d 808, 819 (Tex. App. 1998, pet. denied) ("Thus, it is no defense, in actions for injuries resulting from negligence, that the negligence of third persons contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause, without which

the injury would not have occurred.  In other words, where the defendant is guilty of negligence that causes an injury, and the plaintiff is free from negligence contributing thereto, the fact that the negligence of a third person also contributed does not relieve the defendant from liability for his negligence.  It is sufficient if his negligence is an efficient cause without which the injury would not have resulted, and the plaintiff may recover from either or both." (citations omitted)).

Therefore, even if Dallas County's negligence in continuing to rely on AIS in the face of the program's apparent defects was not foreseeable to Atos Origin, it does not constitute a superceding cause so long as it was a concurrent cause, i.e., the chain of causation flowing from Atos Origin's initial negligence was continuous and unbroken or, in other words, Dallas County's negligence cooperated with Atos Origin's negligence in bringing about plaintiffs' injuries.  The facts alleged in plaintiffs' second amended complaint are sufficient to support the conclusion that Dallas County's negligence was a concurrent cause of plaintiffs' injuries and not a superceding cause.  Plaintiffs allege that Atos Origin negligently installed, programmed, and integrated AIS and that, as a result of such negligence, AIS did not accurately transmit prisoner information as Dallas County expected it would.  Although plaintiffs also allege that Dallas County's negligence in ignoring the defects that AIS immediately

displayed contributed to plaintiffs' injuries, they also adequately assert that the chain of causation from Atos Origin's negligence to plaintiffs' injuries was continuous and unbroken. Dallas County's allegedly negligent conduct did not fundamentally alter the course of events that Atos Origin's alleged negligence caused. Indeed, the precise charge of negligence against Dallas County is that it did nothing in response to known problems caused by Atos Origin. Thus plaintiffs' allegation of Dallas County's negligence does not relieve Atos Origin of liability. Supporting the court's holding on the issue whether Dallas County's negligence was a superceding cause or a concurring cause is the conclusion of Texas Courts that this issue is ordinarily a matter for the jury. *Rodriguez*, 963 S.W.2d at 819 ("The general rule that the question of proximate cause is for the jury has been applied where the injury was the result of concurring causes.").

3

Atos Origin also challenges plaintiffs' allegation that Atos Origin was negligent because it failed to warn Dallas County of AIS's defects. Plaintiffs allege that Dallas County "was aware of the shortcomings of the system." 2d Am. Compl. ¶ 14. Thus Atos Origin contends that if Dallas County was already aware of the problems but chose not to correct them, warning Dallas about AIS's defects could not, as a matter of law, have prevented plaintiffs' injuries.

There is an apparent inconsistency in plaintiffs' claim for recovery against Atos Origin on the basis of a failure to warn when they also aver that Dallas County was aware of the problems. But there are degrees of awareness, and the court is not persuaded at the Rule 12(b)(6) stage that plaintiffs' allegations necessarily preclude proximate causation as to Atos Origin's failure to warn. Moreover, plaintiffs' failure-to-warn claim is only a secondary basis for holding Atos Origin liable for negligence. Plaintiffs clearly allege that Atos Origin was negligent in installing, programming, and integrating AIS, irrespective of corrective actions it could have taken.

The court therefore holds that the second amended complaint adequately pleads the elements of duty and proximate cause in the negligence claim asserted against Atos Origin.

                                  IV

Defendant's Rule 12(b)(6) motion also seeks to dismiss the negligence claim against Atos Origin on the basis of the statute of limitations.

                                  A

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376,

378-79 (5th Cir. 1994); *Kansa Reinsurance v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994)).

The statute of limitations for negligence actions under Texas law is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002). And the two-year limitations period begins to run the date that the cause of action accrues. *Id.* "As a rule . . . a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). According to the second amended complaint, plaintiff Davis was the last to be released from the Dallas Jail, and she was released on March 29, 2005. Thus plaintiffs' cause of action must have accrued at least by March 29, 2005, because plaintiffs do not allege that they sustained any injuries after that. Plaintiffs did not sue Atos Origin for negligence until July 11, 2007, more than two years from the date of accrual.

B

Plaintiffs do not challenge this reasoning, but they contend that because the joinder of Atos Origin triggered Tex. Civ. Prac. & Rem. Code Ann. § 33.004(e) (Vernon 1997), the limitations period was tolled from the date they filed their original petition in state court on January 26, 2007, which was fewer than two years before any plaintiff was incarcerated.

Section 33.004(e) provides:

> If a person is designated under this section
> as a responsible third party, a claimant is
> not barred by limitations from seeking to join
> that person, even though such joinder would
> otherwise be barred by limitations, if the
> claimant seeks to join that person not later
> than 60 days after that person is designated
> as a responsible third party.

On June 25, 2007 InfoIntegration moved to designate Atos Origin as a responsible third party under § 33.004(a). Although the court expressed its tentative approach to the application of § 33.004 in federal court, and even more so in a case predicated on federal question jurisdiction, the court granted InfoIntegration's motion. *Davis v. Dallas County*, 2007 WL 2301585, at *1-*2 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.) ("*Davis I*").

Section 33.004(h) provides: "[b]y granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party." Thus Atos Orgin was designated as a responsible third party under § 33.004(h) on August 10, 2007. The tolling provision under § 33.004(e) applies when "the claimant seeks to join the person not later than 60 days after that person is designated as a responsible third party." Plaintiffs filed a motion for leave to amend to join Atos Origin as a defendant on June 29, 2007, well before the prescribed 60-day period of § 33.004(e). In their motion for leave to amend, plaintiffs cited § 33.004(e) as the

basis for joining Atos Origin as a defendant, a fact that the court acknowledged in its decision. *Davis I*, 2007 WL 2301585, at *1. Plaintiffs' first amended complaint——the complaint in which plaintiffs initially joined Atos Origin as a defendant——also cited § 33.004(e) as the basis for joining Atos Origin as a defendant.

Atos Origin argues that even if plaintiffs have met all the requirements of § 33.004(e) to toll the statute of limitations, the joinder of parties is procedural and is governed by federal law. *See Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 708 (5th Cir. 1967) ("The question of joinder is purely one of procedure and is controlled by the federal rules." (quoting *Doyle v. Stanolind Oil & Gas Co.*, 123 F.2d 900, 903 (5th Cir. 1941)). This court has already held in this case that § 33.004 applies. *Davis I*, 2007 WL 2301585, at *2. Atos Origin has not shown that applying § 33.004(e) in the present context actually conflicts with any Federal Rule of Civil Procedure, including a joinder rule. Thus the court will permit plaintiffs to rely on § 33.004(e) to toll the statute of limitations for their claims against Atos Origin. The court therefore declines to hold that the second amended complaint is subject to dismissal based on a statute of limitations defense, and it denies Atos Origin's Rule 12(b)(6) motion.

*        *        *

For the reasons stated, the court grants plaintiffs' September 7, 2007 motion for leave to file second amended complaint, denies

Atos Origin's August 13, 2007 motion to dismiss for failure to state a claim upon which relief can be granted, and denies as moot Atos Origin's February 29, 2008 motion for protective order staying discovery.

**SO ORDERED.**

March 6, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE